IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 23-10019-EFM

BRITTANY FLETCHER,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Brittany Fletcher's Motion to Reduce Sentence, entitled "Motion for Application of the Criminal History Amendment 821 Part A under Section 3582(c)(2)" (Doc. 25). She seeks a reduction in her sentence due to this amendment. For the reasons stated below, the Court denies Defendant's motion.

On April 18, 2023, Defendant pleaded guilty to escape from custody, in violation of 18 U.S.C. § 751(a). On June 26, 2023, Defendant was sentenced to 60 months' imprisonment. On November 15, 2023, Defendant submitted this motion seeking a reduction in her sentence.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file her own motion for a sentence reduction provided certain factors are met.[1]  Specifically, § 3582(c)(2) allows for a court to reduce

---

[1] 18 U.S.C. § 3582(c)(2).

a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Defendant requests that the Court consider whether Amendment 821 to the Sentencing Guidelines entitles her to a reduction in sentence. The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[3] Part A of Amendment 821 limits the criminal history impact of "status points."[4] These amendments will be retroactively applied, but "the court shall not order a reduced term of imprisonment . . . unless the effective date of the court's order is February 1, 2024, or later."[5]

In this case, Defendant's PSI indicates that she has 9 criminal history points.[6] In addition, two additional points were added because she committed the offense while in BOP custody, a criminal justice sentence. Thus, her total criminal history points are 11.[7] Under the revised guidelines, pursuant to U.S.S.G. § 4A1.1(e),[8] Defendant would only receive one additional point for committing the offense while under a criminal justice sentence which would result in a total

---

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* ussc.gov/about/news/press-releases/august-24-2023 (last visited November 30, 2023); *see also* U.S.S.G. § 4A1.1.

[5] U.S.S.G. § 1B1.10(e)(2); *see also* ussc.gov/about/news/press-releases/august-24-2023.

[6] Doc. 21 at 14, ¶ 43.

[7] *Id.* at 15, ¶ 45.

[8] *See* U.S.S.G. § 4A1.1(e) (providing that a defendant will receive an additional one point "if the defendant [] receives 7 or more points under subsections (a) through (d), and [] committed the instant offense while under any criminal justice sentence . . . .").

criminal history of 10.  Yet, Defendant's prior criminal history score of 11 or her revised criminal history score of 10 places Defendant in criminal history category V.  Thus, although the revised guidelines would apply to Defendant, the reduction of one point would not change Defendant's criminal history score to the point that it would change her criminal history category.  Accordingly, Defendant's motion to reduce her sentence is without merit.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 25) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE